**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**BYRON THOMAS, ET AL**                           **CIVIL ACTION**

**VERSUS**                                        **NO. 09-4487 c/w 09-7238**

**UNITED STATES OF AMERICA**                      **SECTION: B (1)**

## ORDER AND REASONS

Before the Court is Plaintiffs', Byron Thomas, individually and as administrator and natural tutor of his minor children Byronneka Thomas and Byronnehsa Thomas, and Katrina James, individually and as administratrix and natural tutrix of her minor child, Ashley James, Motion to Vacate Order Consolidating Civil Action Nos. 09-4487 and 09-7238 (Rec. Doc. No. 46). Defendant, the United States of America, opposes this motion (Rec. Doc. No. 50). For the following reasons,

**IT IS ORDERED** that the motion is **DENIED**.

Plaintiffs correctly state that this Court previously granted a motion for partial summary judgment as to the issue of liability in these cases; therefore, each case is only awaiting its separate judgment. Rec. Doc. No. 46-1, at 1; *see* Rec. Doc. No. 33. Plaintiffs argue that because the trial has been continued, they will be deprived of an expedited trial process, as the accident occurred on July 15, 2008. Rec. Doc. No. 46-1, at 2. Moreover, Plaintiffs initially agreed to the consolidation on the condition

that the dates in their case would not be changed.  Id.  Plaintiffs claim that any utility or advantage from consolidation has therefore been obviated.  Id.

Although liability is no longer an issue in these cases, Defendant contends that common questions of law and fact remain, and therefore consolidation of these cases will expedite trial and reduce the need for unnecessary repetition and confusion.  Rec. Doc. No. 50, at 1; *See Miller v. USPS*, 729 F.2d 1033, 1035 (5th Cir. 1984).  Specifically, the United States anticipates calling witnesses to testify regarding the severity of the collision at issue in these cases and the causation of particular alleged injuries of each of the plaintiffs.  Rec. Doc. No. 50, at 1. Deconsolidating these actions would require such witnesses to be called at two separate trials.  Id.  Additionally, the trial in this matter was continued due to a scheduled complex criminal proceeding.  *See* Rec. Doc. No. 44.  The trial date was recently reset for July 18, 2011.  *See* Rec. Doc. No. 51.

The two cases in this matter were appropriately consolidated as they involve common questions of law and fact, and consolidation will tend to avoid unnecessary costs, repetition, and delay.  *See* Fed. R. Civ. P. 42; *Miller, supra*, at 1035.  At this time, it is premature to suggest that trial will not proceed as scheduled on July 18, 2011, and Plaintiffs have shown no compelling reason as to why their claims should be heard at an earlier date.  Accordingly,

2

Plaintiffs' Motion to Vacate Order Consolidating Civil Action Nos.

09-4487 and 09-7238 (Rec. Doc. No. 46) is hereby **DENIED.**

New Orleans, Louisiana, this 8th day of November, 2010.

UNITED STATES DISTRICT JUDGE